IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH R. GREENLEAF ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-51-SMY-SCW |
| ) | |
| ATLAS COPCO COMPRESSORS, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are John Crane's Amended Motions *in Limine* (Doc. 338) and Plaintiff's Motions *in Limine* (Doc. 345). The Court considered these motions during the final pre-trial conference, a transcript of which can be found in the record.

### Plaintiff's Motions *in Limine*

- Motion *in limine* No. 1 – to prohibit Defendant, its counsel and witnesses from testifying about, relying upon, or referring to any evidence or testimony regarding whether Plaintiff or witnesses tried, smoked, or consumed tobacco products in the past. The Motion is **DENIED**.

- Motion *in limine* No. 2 – to prohibit John Crane and its experts from testifying about, relying upon, or referring in any way to speculative and unreliable asbestos fiber potency ratios contained in, or referenced in, the following studies: (i) Berman & Crump (2003), (2008a), and (2008b); (ii) Brattin & Crump (2008); and (ii) Hodgson & Darnton (2000). The Motion is construed as a Daubert motion. As Daubert motions were due to be filed on or before April 3, 2015, the Motion is **DENIED** as untimely.

### Defendant's Motion *in Limine*

1. The Court **GRANTS** the following <u>unopposed</u> motions *in limine*:

    - Motion *in limine* No. 1 – to exclude testimony regarding John Crane's insurance against liability;

    - Motion *in limine* No. 2 – to exclude evidence, testimony, or reference to

    settlement offers and/or negotiations;

- Motion *in limine* No. 7 – to exclude evidence regarding motions in limine;

- Motion *in limine* No. 15 – to exclude reference, testimony, or evidence of warnings affixed to John Crane Inc. products post exposure.

- Motion *in limine* No. 17 – to exclude testimony or documentary evidence suggesting John Crane Inc. is liable for injuries caused by another manufacturer's product;

- Motion *in limine* No. 20 – to exclude expert testimony not previously disclosed;

- Motion *in limine* No. 21 – to exclude previously undisclosed medical bills and;

- Motion *in limine* No. 29 – to exclude cross-claims of co-defendants.

2. The following motions *in limine* were argued by the parties and decided by the Court as follows:

   - Motion *in limine* No. 3 – to Exclude References to John Crane as an "Asbestos Company" or as Part of the "Asbestos Industry." There is no legal support for the exclusion of this type of reference nor would Defendant be unduly or unfairly prejudiced by such references. Therefore, the Motion is **DENIED**.

   - Motion *in limine* No. 4 – to exclude demonstrative evidence or real physical evidence until court rules on admissibility. The Motion is **GRANTED**.

   - Motion *in limine* No. 5 – to Exclude References to Plaintiff as an "Asbestos Victim" or Any Other Such Inflammatory Characterization of Plaintiff. The Court finds no legal support for excluding such characterizations and, therefore, the Motion is **DENIED**.

   - Motion *in limine* No. 6 – to exclude evidence regarding the amount of money or time spent by John Crane in defending this matter or any reference to John Crane's wealth. The Motion is **GRANTED** as to the amount of money or time spent by John Crane in defending this matter. The Motion is **DENIED** as to references to John Crane's wealth to the extent that those references are based upon evidence which has been admitted.

   - Motion *in limine* No. 8 – to exclude witnesses' medical diagnosis. The Motion is taken **UNDER ADVISEMENT** subject to an offer of proof prior to Plaintiff's Counsel making any reference to or eliciting any

2

testimony regarding this subject matter.

- Motion *in limine* No. 9 – to exclude reference, testimony or evidence that any friend, relative, co-worker, or other person was injured as a result of exposure to asbestos. The Motion is taken **UNDER ADVISEMENT** subject to an offer of proof prior to Plaintiff's Counsel making any reference to or eliciting any testimony regarding this subject matter.

- Motion *in limine* No. 10 – to exclude evidence of workers' compensation claims involving John Crane. The Motion is **GRANTED**.

- Motion *in limine* No. 11 – to exclude references to John Crane's alleged participation and/or membership in any organizations (without proof). The Motion is **DENIED**.

- Motion *in limine* No. 12 – to exclude evidence regarding John Crane products in use at job sites after Plaintiff's last date of claimed exposure (time). The Motion is taken **UNDER ADVISEMENT** subject to an offer of proof prior to Plaintiff's Counsel making any reference to or eliciting any testimony regarding this subject matter.

- Motion *in limine* No. 13 – to exclude any trial testimony regarding John Crane Inc. products used at job sites where Plaintiff did not work (location). The Motion is taken **UNDER ADVISEMENT** subject to an offer of proof prior to any evidence in that regard.

- Motion *in limine* No. 14 – to exclude hearsay testimony as to whether a product contained asbestos. The Motion concerns testimony that the word "asbestos" appearing on a package labels and, as such, is **DENIED**.

- Motion *in limine* No. 16 – to exclude reference or testimony regarding evidence of co-workers' injuries or deaths related to asbestos exposure. The Motion is taken **UNDER ADVISEMENT** subject to an offer of proof prior to Plaintiff's Counsel making any reference to or eliciting any testimony regarding this subject matter.

- Motion *in limine* No. 18 – to exclude evidence, testimony, or argument regarding any other lawsuit involving John Crane. The Motion is **DENIED**.

- Motion *in limine* No. 22 – to exclude suggestions that Plaintiff was exposed to crocidolite asbestos fibers from his work with products supplied by John Crane. The Motion is **DENIED**.

- Motion *in limine* No. 23 – to exclude testimony regarding John Crane Inc.'s "legal duties." The Motion is **DENIED**.

- Motion *in limine* No. 24 – to exclude testimony or documentary evidence

suggesting that John Crane owed a duty to warn Plaintiff post-sale. The Motion is **WITHDRAWN**.

- Motion *in limine* No. 25 – to exclude testimony by witnesses regarding Plaintiff's workplace conditions limited to personal knowledge. The Motion is **GRANTED**.

- Motion *in limine* No. 26 – to exclude law testimony, not based on personal observations that Plaintiff would or could have worked with or around any John Crane products. The Motion is **DENIED**.

- Motion *in limine* No. 27 – to exclude evidence of post-sale manufactured products. The Motion is taken **UNDER ADVISEMENT** subject to an offer of proof prior to Plaintiff's Counsel making any reference to or eliciting any testimony regarding this subject matter.

- Motion *in limine* No. 28 – to exclude argument or evidence regarding knowledge or post-dating Plaintiff's last alleged exposures. The Motion is **GRANTED**, however if John Crane opens the door then it could be used for impeachment purposes.

- Motion *in limine* No. 30 – to exclude argument that because the Plaintiff or any person who exposure is alleged saw visible dust while utilizing John Crane's products was exposed to asbestos through that product. The Motion is **DENIED**.

- Motion *in limine* No. 31 – to take judicial notice of the Feres Doctrine. The Motion is **WITHDRAWN**.

**IT IS SO ORDERED.**

**DATED:  October 2, 2015**

>  s/ Staci M. Yandle
>  **STACI M. YANDLE**
>  **United States District Judge**